# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 5:10-CR-236-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RON CHRISTOPHER WHITLEY, | ) | |
| | ) | |
| Defendant. | ) | |

On September 17, 2014, Ron Christopher Whitley ("Whitley") moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 782 to the Sentencing Guidelines. See [D.E. 123]; see also [D.E. 124]. On September 10, 2015, Whitley filed a memorandum in support requesting that the court reduce his sentence from 60 months to 49 months. See [D.E. 126]. On September 22, 2015, the government responded. See [D.E. 128]. As explained below, the motion is denied.

I.

On March 7, 2011, in the Eastern District of North Carolina, Whitley pleaded guilty pursuant to a plea agreement to conspiracy to distribute and possess with the intent to distribute five grams or more of cocaine base (crack) in violation of 21 U.S.C. § 846. See [D.E. 63]; [D.E. 65]. The offense conduct took place in December 2009 and January 2010. See Plea Agreement [D.E. 65] 3–4; Tr. Mot. Suppress [D.E. 66] 3–19. On September 20, 2011, at Whitley's sentencing hearing, the court calculated Whitley's applicable advisory guideline range as 70 to 87 months. See [D.E. 100]. The court then granted the government's substantial assistance motion, considered the entire record (including all relevant factors under 18 U.S.C. § 3553(a)), and sentenced Whitley to 60 months'

imprisonment. See [D.E. 95]; [D.E. 100]; [D.E. 119] 2. This 60-month sentence matched the statutory mandatory minimum in place when Whitley committed the offense. See 21 U.S.C. § 846 ("Any person who . . . conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy."); 21 U.S.C. § 841(b)(1)(B)(iii) (2009) (fixing the statutory mandatory minimum for offenses involving "5 grams or more of a mixture . . . which contains cocaine base" at five years). At Whitley's sentencing, due to the government's substantial assistance motion, the court was permitted but not required to impose a sentence below the mandatory minimum. See 18 U.S.C. § 3553(e). The court, however, declined to sentence Whitley below the mandatory minimum and explained its rationale for Whitley's sentence. Whitley did not appeal his conviction or sentence.

On November 8, 2011, Whitley moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 750 and 759 to the Sentencing Guidelines. See [D.E. 109]. On June 3, 2013, the government responded in opposition to Whitley's motion. See [D.E. 119]. After considering this 2011 motion, the court denied Whitley relief. [D.E. 120]; see United States v. Roa-Medina, 607 F.3d 255, 259–61 (1st Cir. 2010); United States v. Munn, 595 F.3d 183, 187 (4th Cir. 2010); United States v. Hood, 556 F.3d 226, 231–37 (4th Cir. 2009); see also United States v. Bennett, 516 F. App'x 248, 249 (4th Cir. 2013) (per curiam) (unpublished); United States v. Foreman, 501 F. App'x 305, 305–06 (4th Cir. 2012) (per curiam) (unpublished); United States v. Edwards, 502 F. App'x 262, 262 (4th Cir. 2012) (per curiam) (unpublished); United States v. Williams, 549 F.3d 1337, 1340–42 (11th Cir. 2008) (per curiam).

On September 17, 2014, Whitley again moved to reduce his sentence, this time citing 18 U.S.C. § 3582(c), U.S.S.G. § 1B1.10(c), and Amendment 782 to the Sentencing Guidelines. See

2

[D.E. 123]; see also [D.E. 124]. On September 22, 2015, the government responded. See [D.E. 128]. Under the law and guidelines as amended, Whitley's new total offense level is 23, his criminal history category is III, and his advisory guideline range is 57 to 71 months. See, e.g., U.S.S.G. § 1B1.10(b)(1). Whitley requests a reduction to 49 months' imprisonment. See [D.E. 126].

The court recognizes that it has the discretion to reduce Whitley's sentence below 60 months' imprisonment. See, e.g., Dillon v. United States, 560 U.S. 817, 827 (2010); United States v. Cole, No. 14-7025, 2015 WL 5947613, at *1–2 (4th Cir. Oct. 14, 2015) (per curiam) (unpublished); United States v. Thomas, 546 F. App'x 225, 225–26 (4th Cir. 2013) (per curiam) (unpublished); United States v. Perez, 536 F. App'x 321, 321 (4th Cir. 2013) (per curiam) (unpublished); United States v. Smalls, 720 F.3d 193, 195–97 (4th Cir. 2013); United States v. Stewart, 595 F.3d 197, 200 (4th Cir. 2010). In deciding whether to reduce Whitley's sentence, the court notes the seriousness of the crack conspiracy in which Whitley engaged in December 2009 and January 2010, as well as his lengthy criminal history and deplorable record of recidivism. See Presentence Investigation Report ("PSR") [D.E. 83] ¶¶ 7–10, 12–21. Today, at age 44, Whitley is a man with a long criminal history and no substantial work history. See id. ¶¶ 1–21, 35–44. Whitley's criminal record encompasses criminal behavior beginning at age 17 and stretching through age 39. See id. ¶¶ 12–20. As part of this criminal record, Whitley has state-court convictions for larceny, second degree trespassing, resisting/obstructing a public officer, two counts of possession of drug paraphernalia, resisting a public officer, and driving while impaired. See id. ¶¶ 12–19. Moreover, in August 2004 Whitley pleaded guilty in this court to conspiracy to distribute and possess with intent to distribute cocaine base crack and received a 68-month sentence. See id. ¶ 20. When released in 2008, Whitley had learned nothing positive while incarcerated. Instead, Whitley violated his supervised release, was revoked, and was sent back to federal prison in March 2010. See id. Whitley was then prosecuted

3

for conspiracy to distribute crack cocaine from on or about December 2009 up to on or about January 11, 2010. See [D.E. 1]; [D.E. 126]. Whitley received a 60-month sentence, and now asks this court to reduce it to 49 months.

The court acknowledges that Whitley has committed no infractions to date while in federal prison, and that he has taken positive steps toward rehabilitation and reintegration while incarcerated. See [D.E. 126-1–126-2]; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); U.S.S.G. § 1B1.10, App. Note 1(B)(iii). Nevertheless, having again reviewed the entire record and all relevant policy statements, the court finds that Whitley received a sentence that was "sufficient but not greater than necessary" under 18 U.S.C. § 3553(a), and finds that reducing Whitley's sentence would threaten public safety in light of the gravity of his most recent criminal conduct, his lengthy criminal history, and his deplorable record of recidivism. Cf. U.S.S.G. § 1B1.10, App. Note 1(B)(ii). Simply put, Whitley's criminal conduct, criminal history, and record of recidivism substantially outweigh his most recent conduct in federal prison and the policy statements permitting a sentence reduction. Thus, the court denies Whitley's motion. See, e.g., Cole, 2015 WL 5947613, at *1–2; Thomas, 546 F. App'x at 225–26; Perez, 536 F. App'x at 321.

II.

In sum, Whitley's motion for a reduction in his sentence [D.E. 123] is DENIED.

SO ORDERED. This _3_ day of November 2015.

JAMES C. DEVER III
Chief United States District Judge

4