IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-236-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| RON CHRISTOPHER WHITLEY, | ) | |
| | ) | |
| Defendant. | ) | |

On June 22, 2020, Ron Christopher Whitley ("Whitley") moved for relief under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 [D.E. 176]. On July 17, 2020, the United States responded in opposition [D.E. 180]. On July 22, 2020, Whitley replied [D.E. 181]. As explained below, the court denies Whitley's motion for reduction of his 24-month revocation sentence.

I.

On March 7, 2011, in the Eastern District of North Carolina, Whitley pleaded guilty pursuant to a plea agreement to conspiracy to distribute and possess with the intent to distribute five grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 [D.E. 63, 65]. On September 20, 2011, at sentencing, the court calculated Whitley's applicable advisory guideline range as 70 to 87 months' imprisonment. After granting the government's downward departure motion and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Whitley to 60 months' imprisonment. See [D.E. 95, 100, 155]. Whitley did not appeal his conviction or sentence.

On November 8, 2011, Whitley filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) [D.E. 109]. On July 10, 2013, the court denied the motion [D.E. 120].

On September 17, 2014, Whitley moved to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2), U.S.S.G. § 1B1.10(c), and Amendment 782 to the Sentencing Guidelines. See [D.E. 123]; see also [D.E. 124]. On September 10, 2015, Whitley filed a memorandum in support requesting that the court reduce his sentence from 60 months' to 49 months' imprisonment. See [D.E. 126]. On September 22, 2015, the government responded. See [D.E. 128]. On November 3, 2015, the court denied the motion [D.E. 132].

On March 2, 2016, Whitley began his term of supervised release. See [D.E. 158] 1. Within three weeks, Whitley violated the conditions of his supervised release and engaged in criminal conduct. See id. Specifically, on March 23, 2016, Whitley tested positive for cocaine. See id. Moreover, on October 18, 2016, a federal grand jury indicted Whitley for knowingly and intentionally distributing and possessing with the intent to distribute a quantity of heroin in violation of 21 U.S.C. § 841(a)(1) with offense dates of April 19, 2016, April 21, 2016, and May 4, 2016. See United States v. Whitley, No. 5:16-CR-256-D, [D.E. 1]. On February 6, 2017, without a plea agreement, Whitley pleaded guilty to the charges in the indictment. See United States v. Whitley, No. 5:16-CR-256-D, [D.E. 23].

On May 23, 2017, the court held the sentencing hearing in United States v. Whitley, No. 5:16-CR-256-D, followed immediately by Whitley's revocation hearing in United States v. Whitley, No. 5:10-CR-236-D. See United States v. Whitley, No. 5:16-CR-256-D, [D.E. 37]. During the sentencing hearing, the court observed:

> I mean, you started as a young man dealing with criminal behavior, and I recognize the issues in the report about your upbringing but you have these issues in State Court reflected in paragraphs 15 through 21. At age 32 you appear in front of Judge Howard and plead guilty to conspiracy to distribute and possession with intent to distribute cocaine base, get a 68-month sentence followed by three years of supervised release. You're released in May of 2008 and then you're revoked and get 24 months. Then at age 39 you get the conspiracy to distribute, possess with intent

2

to distribute five grams or more of cocaine base, get 60 months followed by five years of supervised release and then you're on supervised release when you do this.

There's a relentlessness to it that's very disturbing, and one that I think shows absolutely no respect for yourself, for the law, for your community, for our community, for this district. It's just terrible.

No. 5:16-CR-256-D, [D.E. 37] 25. After fully considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Whitley as a career offender to 235 months' imprisonment on each count to run concurrently. See id. at 26.

At Whitley's revocation hearing, Whitley admitted the violations. See id. at 29. The court took judicial notice of the sentencing record in case No. 5:16-CR-256-D and found that Whitley violated his supervised release. See id. As such, the court revoked Whitley's supervised release term and sentenced him to 24 months' imprisonment, to run consecutively to Whitley's sentence in case No. 5:16-CR-256-D. See id. at 29–33 In imposing the revocation sentence, the court focused on Whitley's egregious breach of trust. See id. at 32–33.

Whitley appealed. On June 12, 2018, the United States Court of Appeals for the Fourth Circuit affirmed this court's judgment concerning the 24-month revocation sentence. See United States v. Whitley, 737 F. App'x 147, 149–50 (4th Cir. 2018) (per curiam) (unpublished). However, the Fourth Circuit concluded that Whitley was not a career offender and vacated and remanded Whitley's 235-month sentence in case No. 5:16-CR-256-D. See id. at 150. On October 25, 2018, the court resentenced Whitley in case No. 5:16-CR-256-D to 156 months' imprisonment on each count to run concurrently. See No. 5:16-CR-256-D, [D.E. 52]. The 24-month sentence remains consecutive. On July 16, 2019, the Fourth Circuit affirmed the 156-month sentence. See United States v. Whitley, 781 F. App'x 176, 179 (4th Cir. 2019) (per curiam) (unpublished).

3

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010 ("Fair Sentencing Act"), Pub. L. No. 111-220, 124 Stat. 2371, 2372 (codified as amended at 21 U.S.C. § 801, et seq.). Section 2 of the Fair Sentencing Act reduced statutory penalties by increasing the drug quantities necessary to trigger certain statutory minimums and maximums. For example, the amount of crack cocaine necessary to trigger a 5 to 40 year sentence increased from 5 to 28 grams. Likewise, the amount of crack cocaine necessary to trigger a 10 year to life sentence increased from 50 grams to 280 grams. See id. § 2, 124 Stat. at 2372.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. The First Step Act makes the Fair Sentencing Act's reductions in mandatory minimum sentences apply retroactively to defendants who committed their "covered offense" of conviction before August 3, 2010. See id. § 404(a), 132 Stat. at 5222. Section 404(a) defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . that was committed before August 3, 2010." Id. Under the First Step Act, a "court that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Id. § 404(b), 132 Stat. at 5222. A court that modifies a sentence under the First Step Act does so under 18 U.S.C. § 3582(c)(1)(B), which allows a court to "modify an imposed term of imprisonment to the extent otherwise permitted by statute." 18 U.S.C. § 3582(c)(1)(B); see United States v. Woodson, 962 F.3d 812, 815–17 (4th Cir. 2020); United States v. Chambers, 956 F.3d 667, 671 (4th Cir. 2020); United States v. Wirsing, 943 F.3d 175, 183 (4th Cir. 2019); United States v. Alexander, 951 F.3d 706, 708 (6th Cir. 2019). If a defendant qualifies, courts may consider a motion for a reduced sentence only if the defendant did not previously receive a reduction pursuant to the Fair Sentencing Act and did not have a motion under the First Step Act

4

denied "after a complete review of the motion on the merits." First Step Act § 404(c), 132 Stat. at 5222.

Under the First Step Act, the district court adjusts the sentencing guideline calculations "as if the current lower drug offense sentences were in effect at the time of the commission of the offense." United States v. Curry, 792 F. App'x 267, 268 (4th Cir. 2020) (per curiam) (unpublished) (quotation omitted); see Chambers, 956 F.3d at 671–72. "Nothing in . . . section [404(c) of the First Step Act]," however, "shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act § 404(c), 132 Stat. at 5222; see, e.g., United States v. Gravatt, 953 F.3d 258, 261 (4th Cir. 2020); Wirsing, 943 F.3d at 184–86; United States v. Barnes, No. 3:94cr80 (DJN), 2020 WL 1281235, at *3 (E.D. Va. Mar. 17, 2020 ) (unpublished); United States v. Latten, No. 1:02CR00011-012, 2019 WL 2550327, at *1–4 (W.D. Va. June 20, 2019) (unpublished).

Whitley's new policy statement range is 24 months' imprisonment. See [D.E. 182] 1–2. The court has discretion to reduce Whitley's 24-month sentence. See Gravatt, 953 F.3d at 262–64; United States v. Venable, 943 F.3 187, 194 n.10 (4th Cir. 2019); Wirsing, 943 F.3d at 184–86. The court has completely reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Mesa v. United States, 138 S. Ct. 1959, 1966–68 (2018); Chambers, 956 F.3d at 671–75; United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). As for Whitley's offense conduct, Whitley engaged in serious criminal behavior and an egregious breach of trust. See [D.E. 158, 159, 160]. Moreover, Whitley is a relentless recidivist. Whitley is 49 years old and has convictions for tampering with a motor vehicle, larceny, trespassing, resisting a public officer (two counts), possession of drug paraphernalia (three counts), driving while impaired, conspiracy to distribute and possession with intent to distribute cocaine base (crack), conspiracy to distribute 5 grams or more

of cocaine base (crack), and distribution and possession with intent to distribute a quantity of heroin (three counts). See No. 5:16-CR-256-D, PSR [D.E. 26] ¶¶ 4, 7–10, 15–23. The last three convictions occurred in federal court.

Whitley has performed poorly on supervision and has a spotty work history. See id. at ¶¶ 18, 22, 23, 42–53. Nonetheless, Whitley has taken some positive steps while incarcerated on his latest federal sentence. See [D.E. 176] 2–3; [D.E. 182] 3; cf. Pepper v. United States, 562 U.S. 476, 491 (2011); Chambers, 956 F.3d at 671–75. In light of Whitley's serious criminal conduct, egregious breach of trust on supervised release, horrific criminal record, abysmal performance on supervision, the need to promote respect for the law, the need to incapacitate Whitley, and the need to protect the public, the court declines to reduce Whitley's 24-month sentence. See, e.g., 18 U.S.C. § 3553(a); Chavez-Mesa, 138 S. Ct. at 1966–68; Chambers, 956 F.3d at 671–75; Barnes, 2020 WL 1281235, at *3; Latten, 2019 WL 2550327, at *1–4.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors. However, even if the court miscalculated the new policy statement range, it still would not reduce Whitley's sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

II.

In sum, the court DENIES Whitley's motion for reduction of sentence [D.E. 176].

SO ORDERED. This 29 day of December 2020.

JAMES C. DEVER III
United States District Judge

6